UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URBANIMAGE MEDIA LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHET-5 PRODUCTIONS, INC., <br><br> Defendant. | Case No: 1:25-cv-5 (MAD/CFH) <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Urbanimage Media Ltd. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Chet-5 Productions, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Adrian Boot ("*Boot*") created a photograph of Sugar Minott listening to music with headphones in 1990 (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates an account under the name Radio Woodstock 100.1 WDST on the social media website www.facebook.com (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Urbanimage Media LTD is a UK limited liability company and maintains its principal place of business in the United Kingdom.

1

6.     Upon information and belief, Defendant Chet-5 Productions, Inc. is a New York corporation with a principal place of business at 1360 Route 28, West Hurley in Ulster County, New York.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**     **Plaintiff's Copyright Ownership**

10.     Plaintiff is a professional photography company by trade that is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.     On January 9, 1990 Boot first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

15.     In creating the Photograph, Boot personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

16.     On June 20, 2018, the Photograph was registered by the USCO under Registration No. VA 2-107-388.

17.     Thereafter, on May 2, 2023, Boot assigned all rights and licenses of the Photograph to Plaintiff by way of a written transfer agreement.

18.     The Photograph was created with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

19.     Defendant is the registered owner of the Account and is responsible for its content.

20.     Defendant is the operator of the Account and is responsible for its content.

21.     The Account is a part of and used to advance Defendant's commercial enterprise.

22.     Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

23.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

24.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

25.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

26.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

27.     On or about January 15, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on the Account

as part of a social media post at URL: https://www.facebook.com/photo/?fbid=10159046447956919&set=a.10150915492241919. A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

28. The Photograph was copied and stored by Defendant to URL: https://scontent.fbom57-1.fna.fbcdn.net/v/t39.30808-6/272012468_10159046447946919_1380062009197896716_n.jpg?_nc_cat=111&ccb=1-7&_nc_sid=3a1ebe&_nc_ohc=V__Sgjdfm6kQ7kNvgFAdN38&_nc_ht=scontent.fbom57-1.fna&oh=00_AYDVAGG7tSfI09lyVUmxN4geFtV98HWh69WYK6O-XXVpM.

29. Plaintiff first observed the Infringement on August 14, 2022.

30. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

31. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

32. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

33. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

34. Upon information and belief, Defendant directly contributes to the content posted on the Account by, *inter alia*, directly employing reporters, authors and editors as its agent(the "*Employees*").

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

36. Upon information and belief, at all material times the Employees were acting within

4

the course and scope of their agency when they posted the Infringement.

37. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

38. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

39. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

40. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

42. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendant monitors the content on its Account.

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

45. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its revenues.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Photograph harmed the actual market for the Photograph.

49. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

50. On January 28, 2024, Plaintiff, via counsel, served a letter seeking to address the

complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work. Defendant failed to respond.

51. Thereafter, on August 5, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in an effort to avoid litigation.

52. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

53. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

57. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

58. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant's reproduction of the Photograph and display of the Photograph

constitutes willful copyright infringement.

61. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

63. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's

    profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  f

d.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f.  for pre-judgment interest as permitted by law; and

g.  for any other relief the Court deems just and proper.

DATED: January 2, 2025

        **SANDERS LAW GROUP**

        By:  */s/ Craig Sanders*
        Craig Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: csanders@sanderslaw.group
        File No.: 130258

        *Attorneys for Plaintiff*